**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| E.K.D., et al., individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiffs, | ) Cause No: 3:11-cv-00461-GPM-SCW ) |
| vs. | ) ) |
| FACEBOOK, INC., | ) CLASS ACTION ) ) |
| Defendant. | ) |

## MOTION TO INTERVENE

Federal Rule of Civil Procedure 21 provides that "[p]arties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just." In addition, Rule 23 provides for the intervention of absent class members to present their claims or "otherwise come into the action." Fed. R. Civ. P. 23(d)(1)(B)(iii). Substitution of unnamed class members for named plaintiffs is a common and routine feature of class action litigation both in the federal courts and in the Illinois courts. *Phillips v. Ford Motor Co.*, 435 F.3d 785, 787 (7th Cir. 2006).

Movants here are minors and facebook users who have had their name or likeness used in a facebook advertisement. (Decl. of P. Isaak, Decl. of R. Young, Decl. of J. Lemons, ECF Nos. 90-1 - 90-3). As such, they are members of the currently defined class, (Doc. 51 at 1), and possess a significant, protectable interest in the resolution of the issue presented in this matter. *Deposit Guar. Nat'l Bank v. Roper*, 445 U.S. 326, 339 n.9 (1980); *Koike v. Starbucks Corp.*, 602 F. Supp. 2d 1158, 1161 (N.D. Cal. 2002) ("Because FRCP 23 provides Nguyen with a procedure for pursuing his claims, the court finds Nguyen's interest in the procedural vehicle of a class action to be significantly protectable.").

1

Accordingly, Movants seek leave to intervene in this matter to serve as additional named parties to protect their interest in the subject-matter of the suit. As putative class members, Movants share a common question of law or fact with the Plaintiffs. In addition, this Motion has been filed prior to any substantive rulings in the matter and substantive discovery of the Plaintiffs. As a result, the Motion is both timely and intervention would not cause prejudice to existing parties.

**ARGUMENT**

"Intervention provides a mechanism for non-parties to protect interests that might otherwise be adversely affected by a trial court judgment." *iWork Software, L.L.C. v. Corporate Exp., Inc.*, No. 02-c-6355, 2003 WL 22494851, at *1 (N.D. Ill. Nov. 4, 2003) (citing *Felzen v. Andreas*, 134 F.3d 873, 874 (7th Cir. 1998)). Under Fed. R. Civ. P. 24, two types of intervention are available—intervention as of right and permissive intervention. Fed. R. Civ. P. 24(a) (b). "In either case, Rule 24 should be liberally construed in favor of potential intervenors." *iWork*, 2003 WL 22494851, at *1 (citation omitted). Here, Movants satisfy the requirements for intervention under both Fed. R. Civ P. 24(a) and (b).

**A. Intervention as of Right**

To intervene as of right, Intervenors must show that (1) their motion to intervene was timely; (2) they possess an interest related to the subject matter of the action; (3) disposition of the action threatens to impair that interest; and (4) the named Plaintiffs fail to represent adequately their interest. *Ligas ex rel. Foster v. Maram*, 478 F.3d 771, 773 (7th Cir. 2007). Each of these factors supports granting this motion.

The test for timeliness is "essentially one of reasonableness: potential interveners need to be reasonably diligent in learning of a suit that might affect their rights, and upon so learning they

need to act reasonably promptly." *Reich v. ABC/York–Estes Corp.*, 64 F.3d 316, 321 (7th Cir. 1995) (citation omitted). "[T]he most important consideration in deciding whether a motion for intervention is untimely is whether the delay in moving for intervention will prejudice the existing parties to the case." *Nissei Sangyo Amer. Ltd. v. United States*, 31 F.3d 435, 439 (7th Cir. 1994). As this motion has been brought at the early stages of the litigation, none of the parties will experience any prejudice should the Court grant the motion.

There is no prejudice to Defendants by the timing of this Motion to intervene. Intervenors do not seek to add new defendants, or otherwise delay the scheduling and briefing schedule established by the Court. This motion is brought before the ruling on any substantive motion, with a Rule 12(b) motion to dismiss pending. Likewise, discovery is just beginning – facebook has yet to depose any of the currently named plaintiffs.

On the other hand, if intervention is denied, Intervenors "would be prejudiced by the additional burden of filing [their] own separate lawsuit[s] at this point in time, as well as the inevitable delay in any recovery." *In re Discovery Zone Sec. Litig.*, 181 F.R.D. 582, 597 (N.D. Ill. 1998) (citing *South v. Rowe*, 759 F.2d 610, 612-13 (7th Cir. 1985) (finding intervenor would be prejudiced if forced to file his own suit because it would be costly and result in further delays)).

Likewise, as putative class members Movants interests are related to the subject matter of the action that could be impaired by disposition of the action. *Id.* at 589 ("an absent class member would have little difficulty showing an interest in the action ... or a common question of law or fact with the class.").

Additionally, subsequent developments in this case may render the current plaintiffs inadequate representatives. "A party seeking intervention as of right must only make a showing

that the representation *may* be inadequate and the burden of making that showing should be treated as minimal." *Foster*, 478 F.3d at 774 (emphasis added).

In is not uncommon for named plaintiffs to wish to withdraw. *See, e.g.*, *In re Neopharm, Inc. Sec. Litig., 02 C 2976*, No. 02 C 2976, 2004 WL 742084 (N.D. Ill. Apr. 7, 2004) (There is "nothing extraordinary" in a named plaintiff's withdrawal.); *In re Bank One Sec. Litig.*, No. 00 C 0767, 2002 WL 989454, at *3 (N.D. Ill. May 9, 2002) (granting oral motion to withdraw as lead plaintiff were two lead plaintiffs were previously appointed); *In re Currency Conversion Fee Antitrust Litig.*, 2004 WL 2453927, at *1 (S.D.N.Y. Nov. 3, 2004) (approving withdrawal of named plaintiffs and class representatives "to ensure that reluctant plaintiffs do not jeopardize the interests of absent class members"). In fact, named plaintiffs in another action against facebook recently sought to withdraw on the basis of perceived harassment in the discovery process. Decl. of S. Weinmann in Sup. of First Mot. to Dismiss Claims and Withdraw Class Representatives, *Fraley v. Facebook, Inc.*, No. 11-01726, ECF No. 88 (N.D. Cal. Feb. 14, 2012) ("Ms. Fraley stated to class counsel that one of the reasons for her request to be dismissed as a class representative is her desire to avoid the embarrassment, annoyance, and invasion of privacy associated with her deposition.").

Likewise, the Court could determine that the currently named plaintiffs are inadequate class representatives on the basis of an individual issue. *See, e.g.*, *Culver v. City of Milwaukee*, 277 F.3d 908, 912 (7th Cir. 2002) (finding the class representative inadequate and stating: "the lawyer for the class should have lined up another class member to take Culver's place as class representative in the event that we ordered the class recertified."). With these possibilities, Movants have met their "minimal" burden of showing that the representation of their interest in

pursuing such an appeal "may be inadequate" and each of the requirements of Rule 24(a) are met.

**B. Alternatively, Intervenors Move to Permissively Intervene**

Movants have also satisfied the criteria for permissive intervention under Rule 24(b), which provides that "[o]n timely motion, the court may permit anyone to intervene who … has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). These factors are easily met by absent class members. *In re Discovery Zone Sec. Litig.*, 181 F.R.D. at 589 ("an absent class member would have little difficulty showing an interest in the action ... or a common question of law or fact with the class.").

As a result, permissive intervention of additional named plaintiffs is encouraged where intervention would strengthen the adequacy of class representation and would not cause significant delay or other prejudice. *Kootenai Tribe of Idaho v. Veneman*, 313 F.3d 1094, 1108-09 (9th Cir. 2002) (in applying its discretion after finding grounds for intervention, the court considered the magnitude of the case and recognized that the "presence of intervenors would assist the court in its orderly procedures leading to the resolution of this case"). See also, *In re Lutheran Broth. Variable Ins. Prods. Co. Sales Practices Litig., 99-MD-1309 (PAM)*, 2002 WL 31371945, at *4 (D. Minn. Oct. 7, 2002) ("[I]ntervention under Rule 24(b) is allowable in the context of class actions to enhance or strengthen the representation of the class"); *Shannon v. Hess Oil Virgin Is.*, 100 F.R.D. 327, 333 (D.V.I. 1983) ("We view the purpose of the proposed intervention as a legitimate attempt to strengthen the adequacy of representation of the contemplated class and to otherwise comply with the typicality requirements of Rule 23").

Here, Movants seek to intervene to strengthen the adequacy of representation and ensure that there is no interruption to the progress of this action should the current representatives withdraw

5

or be found inadequate. Given the early stage of the proceedings, this Motion is proper and should be granted. *See Fla. Pediatric Soc'y v. Benson*, 2008 WL 4072605 (S.D. Fla. Aug. 28, 2008) (allowing intervention of new plaintiffs before class certification to cure alleged deficiencies in the class representatives); *In re JDS Uniphase Corp. Sec. Litig.*, 2005 WL 2562621 (N.D. Cal. Oct. 12, 2005) (granting intervention of a new plaintiff where the plaintiff was willing to rest on the allegations of the existing complaint, the class had not yet been certified, and discovery was still underway); *Trief v. Dun & Bradstreet Corp.*, 144 F.R.D. 193, 203 (S.D.N.Y. 1992) ("[I]mportant policy considerations support [intervenor's] inclusion because [his] presence will ensure that all interested plaintiffs are represented"); *In re Enron Corp. Sec., Derivative & ERISA Litig.*, No. MDL-1446, 2004 WL 405886 (S.D. Tex. Feb. 25, 2004) (allowing intervention to "cure any perceived defects relating to Lead Plaintiff's standing" when discovery was only beginning, and that the would-be intervenor had adopted the existing complaint and was represented by existing counsel).

## CONCLUSION

For the reasons described above, this Court should grant this Motion to Intervene.

Dated: March 2, 2012                                Respectfully submitted,

**KOREIN TILLERY**

/s Aaron M. Zigler
Steven A. Katz
Aaron M. Zigler
One U.S. Bank Plaza
505 N. 7th Street, Suite 3600
St. Louis, Missouri 63101-1625
Telephone:   (314) 241-4844
Facsimile:    (314) 241-3525
skatz@koreintillery.com
azigler@koreintillery.com

***Attorneys for Plaintiffs***

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| E.K.D., et al., individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiffs, | ) ) | Cause No: 3:11-cv-00461-GPM-SCW |
| vs. | ) ) ) | CLASS ACTION |
| FACEBOOK, INC., | ) ) | |
| Defendant. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on March 2, 2012, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system that will send notification of such filing to the following:

- Matthew D. Brown
- Jeffrey M. Gutkin
- Michael C. Hermann
- Steven A. Katz
- Michael G. Rhodes
- Garry T. Stevens
- Lee Squitieri
- Charles J. Swartwout
- Edward Wallace

**KOREIN TILLERY**

/s Aaron M. Zigler
One U.S. Bank Plaza
505 N. 7th Street, Suite 3600
St. Louis, Missouri  63101-1625
Telephone:    (314) 241-4844
Facsimile:    (314) 241-3525
azigler@koreintillery.com