IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

C.M.D., et al.,

            Plaintiffs,

  v.

FACEBOOK, INC.,

            Defendant.

No. C 12-1216 RS

**ORDER GRANTING TEMPORARY STAY OF ACTION**

Plaintiffs and the putative class members in this action are minors, who allege that defendant Facebook's use of their names and likenesses violates the law. There is no dispute that the claims in this action overlap in substantial part with those asserted in *Fraley v. Facebook*, C 11-01726 RS.

A final approval hearing for a settlement reached in *Fraley* is calendared for June 28, 2013. Plaintiffs in this action previously took the position that a prior version of a settlement agreement in *Fraley* would, if approved and consummated, "wipe out all" of their claims. Plaintiffs now contend that the scope of the proposed release in *Fraley* is unclear, and they argue that any approval of that settlement will have "little effect" on the claims alleged here.

While the exact consequences that any approval in *Fraley* will have on these proceedings remains unclear, that fact alone weighs in favor of staying this action until the status of the settlement is resolved. This is particularly true given that plaintiffs in this action are vigorously participating as objectors in the *Fraley* approval process.

The decision to stay a pending proceeding is entirely at the discretion of the court, the power being "inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936). That discretion includes staying an action "pending resolution of independent proceedings which bear upon the case . . . and does not require that the issues in such proceedings are necessarily controlling of the action before the court." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1979) (noting that where issues might be narrowed by disposition of the other proceeding the court has discretion to grant the stay). Plaintiffs have not shown any undue hardship to them that will arise from staying this matter until resolution of the approval process in *Fraley*, and plainly the issues being addressed there are of great potential consequence to this action, regardless of the exact outcome.

Accordingly, a stay of this action will be imposed until such time as an order issues regarding the motion for final approval settlement in *Fraley*. For administrative purposes, the pending motion to dismiss in this action is denied without prejudice, and may be renewed by notice upon the lifting of the stay, in the event going forward on the existing pleading and the existing motion to dismiss appears appropriate at such juncture. Within 20 days of the issuance of an order on the *Fraley* settlement motion, the parties shall, after meeting and conferring, submit a joint status report setting forth their proposal or proposals as to how this matter should proceed in light of the ruling in *Fraley*.

IT IS SO ORDERED.

Dated: 5/20/13

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE